# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-0034V

|  |  |
|---|---|
| GRACE WILLIS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 6, 2026 |

*Wendy Cox, Siri & Glimstad, LLP, Austin, TX, for Petitioner.*

*Jay Travis Williamson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 10, 2024, Grace Willis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration following her receipt of a hepatitis B vaccine on March 28, 2023. Petition, ECF No. 1. On April 30, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner then filed an *interim* motion for attorney's fees and costs, requesting an award of $36,874.90 in fees and costs incurred by Petitioner's former counsel, Andrew Donald Downing, Esq. Interim Motion, filed December 23, 2024, at ECF No. 27. Later, Petitioner filed a *final* motion for attorney's fees and costs, requesting the additional sum of $7,153.11, representing fees and costs incurred by Petitioner's counsel of record, Wendy Cox, Esq. Final Motion, filed May 8, 2025, at ECF No. 40. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses related to the prosecution of this case. ECF No. 40-4.

Respondent reacted to the *interim* motion on January 15, 2025 (close to when the first fees request was filed), stating that he is "not satisfied that the statutory requirements for an award of *interim* attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion." See ECF No. 29 (emphasis added). Petitioner replied to Respondent's response that same day, contending that there is sufficient evidence in this record to support a finding of reasonable basis. See ECF No. 30 at 15. On March 25, 2025, I concluded that Petitioner's injury met the Act's "severity requirement," despite Respondent's objections thereto. *See* Order Denying Motion to Dismiss at ECF No. 32. Respondent did not file any response to Petitioner's final request for fees and costs thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the total amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y*

2

*of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Because this claim was successful, an award of fees and costs is appropriate – although the reasonableness of the requests is still a matter within my purview.

### a. Hourly Rates

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by former and current counsel and their supporting paralegals are reasonable and consistent with our prior determinations, and shall be awarded herein.

### b. Administrative Tasks

Attorneys' fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). A review of the invoices shows that Petitioner's former counsel billed for non-compensable work and/or tasks considered administrative in nature, such as reducing the filing size of medical records in preparation for filing and reviewing, processing and paying invoices. [3]

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See*, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989)

---

[3] The following billing entries are considered administrative and non-compensable: 12/14/23 (one entry), 12/15/23 (six entries), 12/18/23, 12/20/23, 12/21/23, 12/27/23 (two entries), 1/2/24 (two entries), and 7/19/24. ECF No. 27 at 19-20, 22.

(noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Because of the evidence of administrative tasks being billed at full rates, some adjustment to the fees to be awarded will be necessary.

### c.  Excessive and Duplicate Charges

Besides the above, the amount of fees to be awarded must also be reduced due to excessive charges, and duplicate efforts billed by both former and current counsel. Special masters have previously reduced attorney fees for these kinds of issues. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special Masters have discretion to, "reduce the hours to a number that, in [his] experience and judgment, [are] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993).

Additionally, special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged, rather than engage in a line-by-line review of the invoices submitted. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).

### i.  Interim Fees

A review of Petitioner's *interim* request reveals that former counsel's staff billed excessive time for receiving and reviewing electronic court filing notifications including entry of appearance, notice of assignment to Special Master, routine scheduling orders,

4

and for drafting routine documents (e.g., petitioner's cover sheet, statements of completion, notice of filing, and status reports). The majority of these tasks were charged in increments of eighteen minutes.[4]

Additionally, I have identified several duplicate charges in the interim request, by Ms. Samantha Perez and Ms. Ann Allison, as both charged Petitioner to receive and review the same electronic notifications or Court orders.[5] But many of the scheduling orders issued in this matter were non-pdf docket entries or otherwise merely one-page in length, thus not requiring over 10-minutes of review by Counsel or staff. Likewise, the civil cover sheet, order directing entry of appearance, notices of filing, statements of completion, the 8/22/24 status report filed herein, and the notice of intent to remain in the program are merely one-page documents, thus not requiring such overbilling by Petitioner's former counsel and staff. Thus, I find the amount of time charged for these routine tasks to be excessive.

**Accordingly, I hereby apply a *ten percent* reduction in the amount of fees to be awarded to account for these issues. Application of the foregoing reduces the**

---

[4] Specific examples of excessive charges claimed by Petitioner's former counsel are dated as follows: 1/10/24: "Draft Petition Cover Sheet; prepare statement for filing with the Court; finalize and file Petition, cover sheet and statement; memo to file re: completion (0.60 hrs.);" 1/11/24:  "Receive and review Court's ECF Notification re: filed Petition; receive and review Court's Notice re: ECF Order Directing appearance and Notice of Assignment to Special Master..(0.40 hrs.);" 1/11/24: Finalize and file Notice of Filing; receive and review Court's ECF notification; memo to file re: completion (0.40 hrs.);" 8/22/24: "Finalize and file status report; brief memo to file re: same (0.40 hrs.);" 9/9/24 (three entries by Samantha): "Receive and review ECF notification re; Status Conference Order; brief to the file (0.30 hrs.); "Draft Notice of Intent to remain in the Program (0.40 hrs.);" 9/10/25: "Receive and review ECF Notification re: Scheduling Order; brief to file (0.30 hrs.);" ECF No. 27 at 21-25. See also: 9/23/24: "Prepare statements...draft Notice of Filing Exhibits 14-17; draft to ADD for review and approval; file Notice of Filing Exhibits 14-17 (0.70 hrs.)." 9/24/24: "Prepare statement for filing with the Court; draft Notice of Filing Exhibits 18; draft ADD for review and approval; file Notice of Filing Exhibit 18 (0.30 hrs.)." 9/25/24: "Finalize and file Supplemental Statement of Completion; receive and review ECF Notification; memo to file (0.30 hrs.)." 11/11/24: "Receive and Review ECF Notification; Order granting Motion for Extension of Time – Respondent; memo to file (0.30 hrs.)." 11/18/24: "Receive and Review ECF Notification; Scheduling Order – Petitioner's Response Deadline..(0.30 hrs.)." ECF No. 27.

[5] Specific examples of duplicate efforts dated as follows: 6/6/2024 (two entries) reviewing the same order; 6/7/24 and 6/11/24 reviewing the same order; 7/23/24 (two entries) receiving and reviewing the Court's Scheduling Order; 9/5/24 (two entries) receiving and reviewing Respondent's Status Report; 9/25/24 (two entries) regarding reviewing the latest Scheduling Order; 11/15/24 (two entries by Downing and Perez) regarding reviewing Respondent's Rule 4 Report and a third entry by Ann Allison reviewing same on 11/18/24. See ECF No. 27 at 22-29.

**interim fees portion of the request (which solely involved withdrawn counsel) to be awarded by $3,618.55.**[6]

### ii. Final Fees

Similarly, Petitioner's ultimate and current counsel of record, Ms. Wendy Cox, and her supporting paralegals also engaged in excessive billing practices in this matter. Specifically, Missy Sealy billed thirty minutes to review and analyze the notice of informal communication and the 15-week stipulation order. Ms. Sealy then charged thirty-six minutes to exchange multiple emails with DOJ regarding contact information needed and updating DOJ's contact information internally. See entries dated 4/2/25 and 4/28/25 at ECF No. 40-2 at 3. Similarly, Ms. Cox and Ms. Sealy billed a total of thirty-six minutes to review, edit, and finalize Petitioner's 15-week stipulation status report response, which was merely two-sentences long. See entries dated 4/28/25 at ECF No. 40-2 at 4. Ms. Cox and Ms. Sealy also overbilled for drafting and finalizing the joint notice not to seek review and the election to accept judgment. ECF No. 40-2 at 4.

**Accordingly, I hereby apply a *ten percent* reduction in the amount of fees to be awarded to Ms. Cox to account for these issue. This results in a reduction of $709.95.**[7]

### d. Briefing Hours

I note this case required additional briefing regarding the issue of severity. *See* Respondent's Rule 4(c) Report, filed Nov. 15, 2024, ECF No. 24 (objecting to compensation based upon his belief that Petitioner had failed to establish the needed severity); Respondent's Motion to Dismiss, ECF No. 25. Petitioner's counsel expended approximately 12.7 hours drafting his response (ECF No. 26). *See* Billing Records, ECF No. 27 at 28-29. I find this amount of time to have been reasonably expended.

## LITIGATION COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 27 at 30-45; ECF No. 40-3. Respondent offered no specific objection to the rates or

---

[6] This reduction applies to Mr. Downing's *interim* request for fees and is calculated as follows: ($36,185.50 x 0.10) = $3,618.55.

[7] This amount applies to Ms. Cox's final request for fees and is calculated as follows: ($7,099.50 x 0.10) = $709.95.

amounts sought. Thus, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $39,699.51[8] as follows:**

- **A lump sum of $6,443.16, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Wendy Cox's IOLTA account for prompt disbursement; and**

- **A lump sum of $33,256.35, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Andrew Donald Downing's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.